IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT STOUT, JR.,**

**Plaintiff,**

v.

**MICHAEL J. ASTRUE, COMMISSIONER**

**Defendant.**                                                  **No. 09-0285-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

Now before the Court is Plaintiff's motion for attorney fees (Doc. 27). Defendant filed a response arguing that Plaintiff is not entitled to an award of attorney fees because the Commissioner's position was substantially justified (Doc. 28). Defendant argues, in the alternative, that if the Court determines Plaintiff is entitled to attorney fees, the fees should be paid directly to Plaintiff and not to Plaintiff's attorney (Doc. 28). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorney fees (Doc. 27).

## II. Analysis

In the United States, litigants generally must pay their own attorney's fees in the absence of legislation stating otherwise. ***Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975)**. In his motion, Plaintiff argues he is

entitled to attorney fees under the Equal Access to Justice Act ("EAJA"), **28 U.S.C. § 2412**. The EAJA provides that the Court "may award reasonable fees and expenses of attorneys…to the prevailing party in any civil action brought by or against the United States…" **28 U.S.C. § 2412(b)**. Under the EAJA, a petitioner is entitled to an award for attorney fees if he shows that: (1) he was a prevailing party; (2) the Government's position was not substantially justified; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely and complete application for fees." ***Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009) (citing *Kholyavskiy v. Holder*, 561 F.3d 689, 690 (7th Cir. 2009))**. In this case, Defendant argues Plaintiff is not entitled to attorney fees because Defendant's position was substantially justified.

The government has the burden of proving its position was substantially justified. ***Floroiu v. Gonzales*, 498 F.3d 746, 748 (7th Cir. 2007) (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)).** A substantially justified position is one that is "justified in substance or in the main" or "justified to a degree that could easily satisfy a reasonable person." ***Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))**. A substantially justified position is one with a reasonable basis in fact and law. ***Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009)**. The test to determine whether the government's position was substantially justified is "whether the agency had a rational ground for thinking it had a rational ground for its action." ***Kolman v. Shalala*, 39 F.3d 173, 177 (7th**

**Cir. 1994) (citing *Pierce*, 487 U.S. at 565)**. Although the question of whether a party is entitled to attorney's fees under the EAJA should not result in a second major litigation, "the district court must reexamine the legal and factual circumstances of the case from a different perspective than that used at any other stage of the proceedings." ***United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000)**.

Defendant argues his position was substantially justified based on the testimony of three doctors who examined Plaintiff and concluded he could engage in physical activities without limitations. Plaintiff's treating physician Dr. Wong, however, opined that Plaintiff was, in fact, disabled. Defendant contends this opinion is not entitled to any special significance because this is an issue reserved for the Commissioner. Yet, the ALJ failed to explain his finding that Dr. Wong's testimony was not based on any objective evidence, specifically, that it was inconsistent with his treatment records. Further, the ALJ failed to address Plaintiff's assertions regarding the side effects of his medications. To rationally articulate the reasons for his assessment, the ALJ needed to connect the evidence to his conclusion through an "accurate and logical bridge." ***Stewart,* 561 F.3d at 684**. The ALJ has failed to adequately explain the rationale behind his conclusions. Defendant's position did not have a reasonable basis in law and fact and, thus, was not substantially justified. Therefore, the Court finds Plaintiff is entitled to an award of attorney fees and **GRANTS** Plaintiff's motion with respect to this claim. Finding that Plaintiff's attorney's rates are reasonable, the Court awards Plaintiff $3,019.77 in attorney fees.

Alternatively, Defendant argues in response to Plaintiff's motion that any attorney fees awarded should be paid directly to Plaintiff, not Plaintiff's attorney as directed in the motion (Doc. 28). The United States Supreme Court recently addressed this issue. The Supreme Court concluded that, under the EAJA, the attorney fees should be paid directly to the prevailing *party*, not the prevailing party's attorney. **Astrue v. Ratliff, --- U.S. ---, 130 S. Ct. 2521, 2525 (2010)**. The Court stated the term "prevailing party," as used in the EAJA, has long been held to be a "term of art" referring to the prevailing litigant. **Id.** That the party's attorney may have a beneficial interest or contractual right in the fees awarded "does not establish that the statute 'awards' the fees directly to the attorney." **Id. at 2526.**

In his motion, Plaintiff requests that the award of attorney fees be paid directly to his attorney or, alternatively, his attorney's firm. However, under, **Ratliff**, Defendant argues the award should be paid directly to Plaintiff. Accordingly, the Court finds that Plaintiff's attorney fees should be paid directly to Plaintiff, not to Plaintiff's attorney as directed in his motion. Therefore, the Court **DENIES** Plaintiff's Motion with respect to this claim.

### III. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorney fees (Doc. 27). The Court **GRANTS** Plaintiff's motion with respect to the claim that Plaintiff is entitled to an award of attorney fees. Further, the Court **DENIES** Plaintiff's motion with respect to the claim that the attorney fees should be

paid directly to Plaintiff's attorney. Accordingly, the Court **AWARDS** Plaintiff $3,019.77 in attorney fees. The Court directs that they be paid directly to Plaintiff and mailed to Plaintiff's attorney's office.

**IT IS SO ORDERED.**

Signed this 1st day of September, 2010.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**